**Edward Lee HICKS, d/b/a Hicks Rubber Company, Appellant,**

**v.**

**Mary Dell HOOVER, Appellee.**

**No. 4674.**

Court of Civil Appeals of Texas.

Waco.

Dec. 7, 1967.

Rehearings Denied Jan. 4, 1968.

See, also, Tex.Civ.App., 410 S.W.2d 534.

Cantey, Hanger, Gooch, Cravens & Scarborough, Jack C. Wessler, Ira Butler, Jr., Fort Worth, for appellant.

Worsham & Forsythe, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Hicks from summary judgment against him for $6972.

Defendant Hicks purchased the stock of Star Tire Company on August 5, 1963 without complying with the Bulk Sales Act (Art. 4001 Vernon's Ann.Tex.Civ.St.). Plaintiff

was a creditor of Star Tire Company for $6972 due under a lease contract. Thereafter plaintiff sued Star Tire, and on July 27, 1964, secured judgment for $6972 plus $2250 attorney's fees.

On December 29, 1965 plaintiff sued defendant Hicks for the $6972 plus $2250 attorney's fees, on account of Hicks purchasing the stock of Star Tire without compliance with the Bulk Sales Act. Both plaintiff and defendant moved for summary judgment. The trial court entered summary judgment for plaintiff for $6972 against defendant; but denied judgment for the $2250 attorney's fees.

Defendant appeals, contending the trial court erred in rendering summary judgment against him, asserting plaintiff's action based upon breach of the Bulk Sales Act, is barred by the 2 year Statute of Limitations (Art. 5526 V.A.T.S.).

Plaintiff, by cross-point, asserts the trial court erred in not rendering summary judgment for the $2250 attorney's fees.

Defendant contends the 2 year Statute of Limitations bars the action; plaintiff asserts the action controlled by the 4 year Statute of Limitations, and hence was not barred.

Article 5526 V.A.T.S. (the 2 year Statute) provides:

"There shall be commenced and prosecuted within 2 years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

" * * * 2. Actions for detaining the personal property of another, and for converting such property to one's own use. * * *"

Article 5529 V.A.T.S. (the 4 year Statute) provides:

"Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

■ Defendant asserts since the purchaser of a stock of goods without complying with the Bulk Sales Act, converts such property, the 2 year Statute is applicable. Defendant's position would be tenable except for the fact that the property "converted" by the buyer failing to comply with the Bulk Sales Act, is "trust" property, and the buyer becomes a "trustee" for the creditors of the Seller. Gardner v. Goodner Wholesale Gro. Co., 113 Tex. 423, 256 S.W. 911; Adams v. First State Bank, Tex.Civ. App. (n. w. h.), 383 S.W.2d 223; Owosso Carriage & Sleigh Co. v. McIntosh & Warren, 107 Tex. 307, 179 S.W. 257, L.R.A. 1916B, 970.

■ And a suit primarily to declare and establish a trust and to recover title to trust property or damages for conversion thereof, is not governed by the 2 year Statute of Limitations, but is governed by the 4 year Statute of Limitations. Peek v. Berry, 143 Tex. 294, 184 S.W.2d 272, 156 A.L.R. 949.

We think the trial court correct in entering judgment for plaintiff for the $6972.

■ Plaintiff in his cross-point asserts the trial court erred in not rendering him judgment for the $2250 attorney's fees.

Plaintiff was owed the $6972 by Star Tire on a lease contract on November 5, 1963, the date defendant bought the stock of merchandise from Star Tire, without complying with the Bulk Sales Act. Thereafter plaintiff sued Star Tire and on July 27, 1964 recovered judgment against Star Tire for the $6972 plus $2250 attorney's fees.

The $2250 attorney's fees were not owed by Star Tire to plaintiff at the time defendant purchased the merchandise, and the trial court did not err in refusing plaintiff judgment for this amount against defendant.

Plaintiff's cross-point is overruled.

Affirmed.