Victor Hugo TORO, Appellant,

v.

**FIRST CITY BANK–WESTHEIMER PLAZA, N.A., Appellee.**

No. 01–90–00151–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 13, 1991.

Rehearing Overruled July 25, 1991.

John D. Payne, Houston, for appellant.

Guy S. Lipe, Vinson & Elkins, Houston, for appellee.

Before SAM BASS, O'CONNOR and WILSON, JJ.

## OPINION

SAM BASS, Justice.

This is an appeal from a directed verdict based upon the two-year statute of limitations.

We affirm.

On June 15, 1987, Toro filed suit against First City National Bank of Houston pursuant to TEX.BUS. & COM.CODE ANN., section 3.419 (Vernon 1968), alleging conversion based on the bank's acceptance for deposit of a check bearing a forged endorsement. The check was presented for deposit on June 17, 1985.

In response to Toro's first requests for admissions, First City—Houston, the collecting bank, indicated that the depositary bank for the transaction was First City Bank—Westheimer Plaza, N.A. On January 15, 1988, Toro filed his second amended original petition naming First City Bank—Westheimer Plaza as a defendant. On August 18, 1988, Toro filed a third amended petition, retaining First City—Westheimer Plaza but deleting First City—Houston; however, neither petition is included in the record on appeal. On August 28, 1989, the case went to trial on plaintiff's fourth amended petition against First City—Westheimer Plaza and the payor bank, Wachovia Bank & Trust.

At the close of the plaintiff's evidence, First City—Westheimer Plaza orally moved for a directed verdict claiming Toro's suit was barred by the statute of limitations. The trial court granted the motion and rendered a take-nothing judgment.

Toro appeals on two points of error, contending that: (1) the trial court erred in applying the two-year statute of limitations, (2) the trial court erred in not holding that the filing of suit against First City Bank—Houston tolled the statute of limitations.

■ The first point of error is premised on the theory that the statute of limitations on a conversion claim brought under section 3.419 of the Texas Business and Commerce Code is four years, not two years.

TEX.CIV.PRAC. & REM.CODE ANN., section 16.003(a) specifically provides as follows:

(a) A person must bring suit for trespass for injury to the estate or to the property of another, *conversion of personal property*, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the date the cause of action accrues.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986) (emphasis added).

Toro sued under TEX.BUS. & COM.CODE ANN., section 3.419 for conversion. That part of section 3.419 on which Toro relies provides that "an instrument is *converted* when ... it is paid on a forged endorsement." TEX.BUS. & COM.CODE ANN. § 3.419(a)(3) (Vernon 1968) (emphasis added). Texas courts have specifically applied the two-year statute of limitations to a conversion action against a bank for payment of a check over a forged endorsement. *Southwest Bank & Trust Co. v. Bankers Commercial Life Ins. Co.*, 563 S.W.2d 329, 330 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.); *Groves v. Hanks*, 546 S.W.2d 638, 645 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

Toro argues that because his claim of conversion was asserted under a statutory provision of the Business and Commerce Code, the four-year statute applies. Neither party disputes that the negligence and gross negligence causes of action alleged by Toro are governed by the two-year statute of limitations.

*Williams v. Khalef*, 802 S.W.2d 651 (Tex. 1990), cited by Toro, addresses the issue of limitations on a cause of action for fraud, not conversion. Because no provision expressly applies to fraud in any of the limitations statutes, the *Williams* court concluded that a cause of action for fraud is governed by TEX.CIV.PRAC. & REM.CODE ANN. section 16.051, the general provision that applies to all actions for which there is no express limitations period. *Williams*, 802 S.W.2d at 658. Toro argues that an action under section 3.419 is "similar to" a fraud cause of action to rescind a writing; however, Toro did not plead a fraud cause of

action against First City. The holding in *Williams v. Khalef* has no relevance to Toro's suit for conversion.

Toro's reliance on *Mokwa v. City of Houston*, 741 S.W.2d 142 (Tex.App.—Houston [1st Dist.] 1987, writ denied), is misplaced. The issue in *Mokwa* concerned the limitations period on an action for debt, not conversion. Therefore, this court's holding in that case, that a statutory cause of action brought to recover back pay was an action for debt governed by the four-year limitations period, is also irrelevant.

Finally, *Hicks v. Hoover*, 422 S.W.2d 613 (Tex.Civ.App.—Waco 1968, writ ref'd n.r.e.), and *Peek v. Berry*, 143 Tex. 294, 184 S.W.2d 272 (1945), both concern the recovery of *trust property*, which is governed by a special rule. *Hicks* overtly asserts and *Peek* impliedly acknowledges that the statute of limitation for conversion is two years. The holding in both cases, that an action for *conversion of trust property* is governed by a four-year statue, is irrelevant to Toro's suit.

We overrule Toro's first point of error.

In his second point of error, Toro contends that the trial court erred in failing to hold that his timely filed suit against First City Bank—Houston tolled the statute of limitations against First City Bank—Westheimer Plaza. Toro asserts the rule that limitations is tolled where the wrong defendant is sued and there is a business relationship between that defendant and the proper defendant. First City responds that: (1) Toro had no pleadings to support this position, (2) Toro did not prove this contention at trial, and (3) the rule is inapplicable under the facts of this case.

The rule governing this situation is set out in *Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828, 831 (Tex.1975). Hilland sued Continental Trailways, Inc. for injuries she sustained when she was getting off of a bus marked with that company's name. However, the name "Continental Trailways" was a trade name used by a number of separate bus corporations, including Continental Southern Lines, Inc., the owner and operator of the bus Hilland was riding. Continental Trailways, a Tex-

as corporation, was a different entity with different officers and directors from Continental Southern Lines, a Louisiana corporation. More than two years after the accident, Hilland amended her petition to make Continental Southern Lines a defendant. Continental Southern Lines raised a defense based on limitations.

■ On appeal, the supreme court stated that the purpose of statutes of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend the suit. *Hilland*, 528 S.W.2d at 831. Regardless of the plaintiff's mistake in suing the wrong defendant, the plaintiff should be given an opportunity to *prove* that the proper defendant: (1) was cognizant of the facts, (2) was not misled, and (3) was not placed at a disadvantage in obtaining relevant evidence to defend the suit. 528 S.W.2d at 831. (emphasis added) If she could so *prove*, then it would be a misapplication of the statute of limitations to hold that her action was barred. *Id.*

■ Although First City—Westheimer Plaza raised the defense of limitations in its third amended original answer, Toro did not address that issue in subsequent pleadings or at trial. After the close of the plaintiff's evidence, First City moved for directed verdict. Toro responded arguing that his suit against one First City Bank entity had tolled the statute on the other First City Bank entity. The trial judge agreed that under the "Continental Bus" line of cases that the plaintiff can offer *proof* to show that limitations should not apply. The court also noted that Toro had not presented any such evidence before resting his case. Toro moved to reopen to allow him to make the required proof. First City opposed the motion, pointing out that Toro had no pleadings on file which would support such proof. The court denied Toro's motion to reopen and granted a directed verdict for First City.

In a case involving the burdens of pleading and proof governing assertion of the discovery rule, the supreme court has recently held that "a matter in avoidance of

the statute of limitations that is not raised affirmatively by the pleadings will be deemed waived." *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988). Toro's assertion of the rule articulated in *Hilland* is, like the discovery rule, a plea in confession and avoidance. *Woods*, 769 S.W.2d at 517. By asserting the rule, Toro confesses the truth in First City's imposition of the limitations period but alleges new matter which tends to deprive the facts admitted of their ordinary legal effect, thus obviating, neutralizing, or avoiding them. *Woods,* 769 S.W.2d at 517. Even if the trial court had permitted Toro to reopen the evidence, First City's objection regarding Toro's failure to plead the matter in avoidance of limitations would have precluded any offer of proof on the issue. *Woods*, 769 S.W.2d at 518.

Toro relies on the supreme court's holding in *Matthews Trucking Co. v. Smith*, 682 S.W.2d 237 (Tex.1984), and *Parker v. Enserch Corp.*, 776 S.W.2d 638 (Tex. App.—Dallas 1989, no writ).

In *Matthews Trucking*, the court considered a situation involving two unrelated entites with similar names but with no business connection or relationship. Smith sued Matthews Trucking Company, Inc., d/b/a Louisiana–Matthews Trucking Company, Inc. However, the correct defendant was Matthews–Lufkin, Inc., d/b/a Matthews Trucking Company. Smith added the correct defendant after the two-year statute of limitation had run. The trial court granted summary judgment for Matthews–Lufkin, Inc. The court of appeals reversed and remanded for a trial on the merits.

In reversing the court of appeals and affirming the trial court's summary judgment, the supreme court focused on the distinction between a "misnomer" case where the correct defendant is sued under the wrong name and this "misidentification" case where the wrong defendant was sued. The court held that the filing against the wrong defendant did not toll the statute as to the correct defendant. *Matthews Trucking*, 682 S.W.2d at 239.

*Parker v. Enserch Corp.*, which also involved the distinction between misnomer and misidentification of parties, supports First City's argument. Parker timely sued Lone Star Gas Company of Texas. Lone Star answered under TEX.R.CIV.P. 93 that there was a defect in parties and that it was not liable for the relief sought. After the statute of limitations had expired, Parker moved to substitute the properly named party, Enserch Corp. d/b/a Lone Star Gas Company, as the defendant. Enserch asserted the statute of limitations as a bar to the suit. The trial court granted Parker's motion to substitute, but later granted summary judgment in favor of Enserch on the grounds of limitations.

On appeal, the Dallas court refused to apply limitations to bar Parker's suit against Enserch Corp. Relying on *Continental Southern Lines, Inc. v. Hilland,* the *Parker* court held that when the wrong defendant is sued, limitations will not bar the suit against the proper defendant, so long as the latter: (1) is cognizant of the facts (2) is not misled, and (3) is not placed at a disadvantage in obtaining the relevant evidence necessary for its defense. *Parker,* 776 S.W.2d at 645. *See also Price v. Estate of Anderson*, 522 S.W.2d 690, 692 (Tex.1975). Parker had responded to Enserch's motion for summary judgment with proof of all three of these elements. The Dallas court noted that, in her response to Enserch's motion for summary judgment, Parker *pleaded and proved* that Enserch was closely associated with the "wrong" defendant, was always cognizant of the facts of the suit, and was not prejudiced in obtaining relevant evidence by the delay. *Parker,* 776 S.W.2d at 646–47. Consequently, she was able to avoid application of the limitations defense asserted by Enserch. 776 S.W.2d at 646–47.

Toro did not plead or prove the facts he later asserted in avoidance of First City's limitations defense; therefore, the verdict on the statute of limitations was proper.

We overrule Toro's second point of error.

We affirm the judgment.