COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-299-CV
 
  
  
BRINKER TEXAS, L.P.                                                            APPELLANT
  
V.
  
DIANE LOONEY                                                                        APPELLEE
  
   
------------
 
FROM THE 352ND DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        In 
this premises liability case, Appellant Brinker Texas, L.P. (“BTLP”) appeals 
from the trial court’s judgment in favor of Appellee Diane Looney.  In 
one issue, BTLP challenges the court’s finding that BTLP had knowledge and 
notice of the existing suit within two years and was not prejudiced by being 
named as an additional defendant after limitations had expired. We affirm.
I. Factual and Procedural Background
        On 
December 17, 1997, Looney was injured when she slipped and fell at a Chili’s 
restaurant located at 6229 Sandshell Drive, Fort Worth, Texas.  Looney 
filed suit against Brinker Chili’s Texas, Inc. d/b/a Chili’s Hamburger Grill 
& Bar a/k/a Chili’s Grill & Bar (“BCTI”), Jody Hamblin, and 
Barbara Groom on May 17, 1999, alleging that the Defendants’ negligence 
proximately caused the injuries of which she complained.  Looney’s 
petition states that BCTI’s registered agent for service of process was The 
Prentice Hall Corporation Systems, located at 800 Brazos, Austin, Texas, 78701.
        BCTI, 
Hamblin, and Groom filed their answer on June 4, 1999, consisting of a special 
exception, a general denial, and the affirmative defense of contributory 
negligence. Then, almost a year later and six months after the limitations 
period had run, on May 22, 2000, the three defendants filed an amended answer, 
which added the following verified denials: (1) BCTI, Hamblin, and Groom stated 
that they “are not liable in the capacity in which they have been sued,” and 
(2) they denied that BCTI “does business as Chili’s Hamburger Grill & 
Bar a/k/a Chili’s Grill & Bar.”  See Tex. R. Civ. P. 93(2), (14).
        On 
September 25, 2000, all three defendants filed a no-evidence motion for summary 
judgment, asserting among other things, that each of the three defendants was 
sued in his, her, or its individual capacity and that there was no evidence that 
any of the three defendants, “in the capacity in which he, she, or it had been 
served, owns or operates the Chili’s” at issue.  In support of their 
position, the defendants attached to the motion for summary judgment their 
responses to Looney’s request for disclosure.  BCTI responded that while 
it had been sued in its proper name, it “is not a proper party to this 
suit.”  BCTI instead stated, “Brinker Texas L.P., a Texas limited 
partnership, is the owner and operator of the Chili’s Restaurant located at 
6229 Sand Shell Drive, Fort Worth, Texas, 76137 and is the proper party with 
respect to allegations relating to the ownership or operation of that 
restaurant.”
        Looney 
responded to the motion for summary judgment, arguing in part, that summary 
judgment should be denied because BCTI is the general partner of BTLP, which 
owned and operated the restaurant where she fell. Looney non-suited the two 
individual defendants on October 18, 2000.  On October 20, 2000, the trial 
court granted the motion for summary judgment as to BCTI.
        Looney 
filed a motion for new trial on November 13, 2000 on the basis that the judgment 
was against the great weight and preponderance of the evidence, and the trial 
court granted her motion on January 17, 2001.  On April 9, 2001, Looney 
filed her third amended petition, in which she named the defendants as 
“Brinker Chili’s Texas, Inc. d/b/a Chili’s Hamburger Grill & Bar a/k/a 
Chili’s Grill & Bar, in its capacity as the general partner of Brinker 
Texas, L.P., the entity that owns and/or operates the premises where 
Plaintiff’s injury occurred, and Brinker Texas, L.P.” Looney’s third 
amended petition states that BTLP’s registered agent for service of process 
was The Corporation Services Co., located at 800 Brazos, Austin, Texas, 78701.
        BTLP 
answered and asserted as an affirmative defense that Looney’s claims were 
barred by limitations.  The case was tried to the court on December 3, 
2001.  BTLP moved for a directed verdict at the conclusion of Looney’s 
case on the bases that the two year statute of limitations barred her claims 
against BTLP and that Looney had failed to plead or introduce any evidence that 
would permit a tolling of the limitations period.  The trial court denied 
BTLP’s motion and proceeded to consider other evidence and each side’s 
closing arguments.
        During 
trial, Looney offered the deposition testimony of Sue McGregor, who was BCTI’s 
corporate representative.  McGregor testified that Brinker International is 
a holding company for the limited partnership operating Chili’s restaurants in 
Texas and under which BCTI and BTLP are subsidiaries. McGregor agreed that BTLP 
is the limited partnership that owns or operates the Chili’s restaurant at 
6229 Sandshell Drive.  McGregor also stated that BCTI is the general 
partner of BTLP.  Further, McGregor testified that BCTI and BTLP share the 
same corporate headquarters at 6820 LBJ Freeway, Dallas, Texas and that BCTI 
supplies the slip and fall policies for “all the subs, all these general 
partners, [and] L.P.s.”
        Looney 
questioned McGregor about BCTI’s policies regarding accidents and claims 
resulting from such accidents.  McGregor testified that if a guest slipped 
and fell, after tending to the guest:
 
[w]e would ask the managers to 
determine if anyone nearby saw what happened whether it was an employee or other 
guests, and we ask the manager to obtain their name and number and ask if they 
saw anything.  If they saw anything, then certainly we would have them 
forward that to the insurance company as part of the claim.

 
Additionally, McGregor 
testified that Brinker International employs a risk management department that 
is involved with all the slip and fall policies—as it helps draft the policies 
on slip and fall accidents—and that the department handles the investigation 
of all claims.  McGregor further testified that in 1997, “the risk 
management department had a liability claims unit . . . [that] worked 
on-site.”  According to McGregor, the risk management department office 
is located “[i]n Dallas, Brinker International, Inc.,” which is also located 
at the same Dallas address McGregor gave for both BCTI and BTLP.
        The 
reporter’s record reflects that BCTI and BTLP both appeared and participated 
fully in the trial through separate counsel.[1]  
BCTI and BTLP were able to develop fully a defense through the testimony of all 
relevant witnesses to the accident, including Looney; the assistant manager who 
investigated Looney’s accident, prepared the incident report, and spoke with 
Brinker International’s risk management department; three Chili’s patrons, 
who were located near Looney at the time of her fall and who were interviewed 
shortly after the accident; the Chili’s bartender, who saw Looney on the floor 
and reported the accident to the manager; BCTI’s corporate representative 
McGregor; and the doctors who provided medical care to Looney.  The record 
also indicates that, throughout the trial, a litigation manager from the risk 
management department sat at defense counsel’s table, where both BCTI’s and 
BTLP’s counsel sat.[2]
        Following 
the presentation of all of the evidence at trial, the court ruled for Looney and 
signed a judgment in her favor, ordering that she have and recover $32,046.39 
plus costs and interest from BTLP.  Upon the request of BTLP, the trial 
court made findings of fact and conclusions of law, which included the 
following:
 
3. [BTLP] had notice of this 
suit within the two year limitations period and was not prejudiced in any way by 
the Plaintiff’s failure to bring them in this suit within the two year period 
of limitations. 
 
After BTLP’s motion for new 
trial was overruled by operation of law, BTLP filed its notice of appeal raising 
one issue.
II. Issue
        In 
this appeal, BTLP contends that this is a misidentification case, in which 
Looney mistakenly sued the general partner rather than the limited 
partnership.  BTLP’s sole issue on appeal is that the trial court erred 
in entering judgment against BTLP as there were neither pleadings nor legally 
sufficient evidence that BTLP had notice of the suit and was not prejudiced by 
Looney’s failure to sue it within the two year limitations period, so as to 
support equitable tolling of limitations.  Looney responds that service on 
the general partner authorized judgment on the partnership and that, in any 
event, notice should be imputed to BTLP, the limited partnership, thereby 
tolling the statute of limitations, because she filed the suit against the 
general partner within the two year statute of limitations.
III. Standard of Review
        Findings 
of fact entered in a case tried to the court have the same force and dignity as 
a jury’s answers to jury questions.  Anderson v. City of Seven Points, 
806 S.W.2d 791, 794 (Tex. 1991). The trial court’s findings of fact are 
reviewable for legal and factual sufficiency of the evidence to support them by 
the same standards that are applied in reviewing evidence supporting a jury's 
answer.  Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Catalina 
v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).[3]
        In 
determining a “no-evidence” issue, we are to consider only the evidence and 
inferences that tend to support the finding and disregard all evidence and 
inferences to the contrary.  Bradford v. Vento, 48 S.W.3d 749, 754 
(Tex. 2001); Cont’l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 
(Tex. 1996); In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 
(1951).  Anything more than a scintilla of evidence is legally sufficient 
to support the finding. Cazarez, 937 S.W.2d at 450; Leitch v. Hornsby, 
935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla of evidence exists 
if the evidence furnishes some reasonable basis for differing conclusions by 
reasonable minds about the existence of a vital fact.  Rocor Int’l, 
Inc. v. Nat’l Union Fire Ins. Co., 77 S.W.3d 253, 262 (Tex. 2002).
IV. Analysis
        Looney’s 
claims for personal injury are governed by the two–year statute of 
limitations.  See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002); Diamond 
v. Eighth Ave. 92, L.C., 105 S.W.3d 691, 695 (Tex. App.—Fort Worth 
2003, no pet.).  Looney sued BCTI before the expiration of the limitations 
period. BCTI filed an answer, but waited six months after limitations had run, 
to amend its answer to deny the capacity in which it was sued and that it 
“does business as Chili’s Hamburger Grill & Bar a/k/a Chili’s Grill 
& Bar.”  See Tex. R. Civ. P. 93(2), (14).  Looney then amended 
her petition in two respects: (1) to describe specifically that she was suing 
BCTI in its capacity as the general partner of BTLP, and (2) to name BTLP, the 
limited partnership itself, as a defendant to her suit.
        As 
to whether the defense of limitations is governed by the law of 
misidentification, the general purpose of a statute of limitations is “to 
compel the exercise of a right [of action] within a reasonable time so that the 
opposing party has a fair opportunity to defend while witnesses are available 
and the evidence is fresh in their minds.”  Cont’l S. Lines, Inc. v. 
Hilland, 528 S.W.2d 828, 831 (Tex. 1975); Price v. Estate of Anderson, 
522 S.W.2d 690, 692 (Tex. 1975).  A misnomer occurs when the plaintiff 
misnames either himself or the correct defendant, but the correct parties are 
actually served.  Enserch Corp. v. Parker, 794 S.W.2d 2, 4-5 (Tex. 
1990); Diamond, 105 S.W.3d at 691.  In such a case, a later 
amendment of the petition relates back to the date of the original petition, as 
has been reasoned “primarily because the party intended to be sued has been 
served and put on notice that it is the intended defendant.”  Diamond, 
105 S.W.3d at 691 (citations omitted).
        On 
the other hand, misidentification occurs when two separate but related legal 
entities use similar names and the plaintiff sues the wrong one because he or 
she is mistaken about which entity is the correct defendant.  Chilkewitz 
v. Hyson, 22 S.W.3d 825, 828 (Tex. 1999); Enserch, 794 S.W.2d at 4-5; 
Diamond, 105 S.W.3d at 691.  In misidentification cases, the amended 
petition may still relate back to the original suit–if the proper defendant 
had “notice of the suit and was not misled or disadvantaged by the 
mistake.”  Chilkewitz, 22 S.W.3d at 828; Hilland, 528 
S.W.2d at 831.
        The 
plaintiff’s diligence is not a determining factor in misidentification cases 
because the plaintiff has brought suit within the limitations period, but has 
named the wrong party.  Hernandez v. Furr’s Supermarkets, Inc., 
924 S.W.2d 193, 197 (Tex. App.—El Paso 1996, writ denied ), disapproved in 
part on other grounds by Chilkewitz, 22 S.W.3d at 830; Palmer v. Enserch 
Corp., 728 S.W.2d 431, 434 (Tex. App.—Austin 1987, writ ref’d n.r.e.).  
“Rather, the emphasis lies on equitable application of limitations 
rules.”  Hernandez, 924 S.W.2d at 197.  As noted by the 
Dallas Court of Appeals, “A strict application of statutes of limitations can 
lead to inequitable results when a party is allowed to ‘lay behind the log’ 
by filing a general denial, then wait until the statute runs before disclaiming 
responsibility and pointing a finger at a related entity that is actually 
responsible.”  Craft v. Prestige Furniture, Inc., No. 
05-98-00380-CV, 2000 WL 566877, at *3 (Tex. App.—Dallas Apr. 26, 2000, no 
pet.) (not designated for publication).[4]
        BTLP 
argues that while Looney brought suit within the limitations period against 
BCTI, BCTI did not own, manage, or exert any control over the Chili’s 
restaurant where Looney fell.  Instead, BTLP maintains that it owned the 
restaurant and that BTLP is a separate and distinct legal entity from 
BCTI.  Accordingly, BTLP argues that this is a misidentification case and 
that once it raised a statute of limitations defense, Looney bore the burden of 
pleading and proving the applicability of the equitable tolling provision.  
See Toro v. First City Bank-Westheimer Plaza, N.A., 821 S.W.2d 633, 636 
(Tex. App.—Houston [1st Dist.] 1991, writ denied) (holding verdict 
on limitations defense was proper because plaintiff did not plead or prove the 
facts he asserted in avoidance of the defense).
        This 
case involves both concepts of misnomer and misidentification.  We agree, 
however, that this is a misidentification case with respect to BTLP, but we do 
not believe that the statute of limitations barred Looney’s suit.  As we 
stated above, Looney amended her petition in two ways–first, to designate the 
capacity in which BCTI was being sued and second, to join BTLP.  See 
Tex. Rev. Civ. Stat. Ann. art. 6132b-2.01 (Vernon Supp. 2004) 
(“A partnership is an entity distinct from its partners.”).  We will 
address each amendment in turn.
        Filing 
an amended petition after the expiration of the period of limitations, changing 
the allegations as to the capacity in which a defendant was sued, does not 
commence a new suit for the purposes of applying a statute of limitations and 
thus relates back to the commencement of the suit.  See Hallaway v. 
Thompson, 148 Tex. 471, 478-79, 226 S.W.2d 816, 820-21 (1950) (op. on 
reh’g); O’Quinn v. Scott, 251 S.W.2d 168, 172 (Tex. Civ. App.—Waco 
1952, writ ref’d); see also Craft, 2000 WL 566877, at *2; 1 Wiiliam V. Dorsaneo, III , Texas Litigation Guide §12.02[4] (2003) (stating that 
amended pleading correcting error consisting of misnomer, such as misstating the 
party’s capacity relates back to the original filing and tolls the statute of 
limitations); 2 Roy W. McDonald 
& Elaine G. Carlson, Texas Civil Practice § 10:19[b], at 808-09 (2d ed. 
2003) (same); 50 Tex. Jur. 3d Limitation of Actions § 
146 (2000) (same).  Accordingly, we hold that the portion of Looney’s 
amended petition clarifying that BCTI was being sued in its capacity as the 
general partner of BTLP relates back to her original petition.  Cf. 
Shawell v. Pend Oreille Oil & Gas Co., 823 S.W.2d 336, 338 (Tex. 
App.—Texarkana 1991, writ denied) (stating that because plaintiff’s 
pleadings did not mention the partnership and did not allege that the defendant 
was being sued in its capacity as the general partner, judgment could not have 
been rendered in plaintiff’s favor).  Therefore, Looney’s claims 
against BCTI, the general partner of BCTI, were timely filed.
        Looney 
contends that, as a matter of law, BTLP as the limited partnership, had notice 
of the lawsuit filed against its general partner BCTI.  In support of her 
position, Looney directs us to several statutes concerning the relationship 
between general partners and the limited partnerships to which they 
belong.  The Texas Revised Limited Partnership Act (“TRLPA”) states 
that “[e]ach general partner and the registered agent of a limited partnership 
are agents of the limited partnership on whom may be served any process, notice, 
or demand required or permitted by law to be served on the limited 
partnership.”  Tex. Rev. Civ. Stat. Ann. art. 6132a-1, § 1.08(a) (Vernon Supp. 
2004).  As a general rule, under the Texas Revised Partnership Act (“TRPA”), 
notice to a partner of a fact relating to the partnership is effective 
immediately as notice to the partnership.  Tex. Rev. Civ. Stat. Ann. art. 6132b-1.02(e); see also Tex. Rev. Civ. Stat. Ann. art. 6132a-1, § 13.03(a) (stating that 
general partnership law, including TRPA, affects limited partnerships by 
providing supplemental law in areas not addressed by TRLPA).
        Based 
on these statutes, we hold that, as a matter of law, notice of this suit and the 
facts giving rise to it is imputed to BTLP based on the suit being timely filed 
against the general partner BCTI.  BTLP argues, however, that even if it 
had notice of the lawsuit, Looney failed to plead or prove that BTLP was not 
misled or disadvantaged by her pleading mistake.  See Toro, 
821 S.W.2d at 636; Wright v. Gifford-Hill & Co., 736 S.W.2d 828, 834 
(Tex. App.—Waco 1987, writ ref’d n.r.e.).
        We 
need not address the prejudice element, [5] however, because 
“[c]itation served on one member of a partnership authorizes a judgment against 
the partnership and the partner actually served.”  Tex. Civ. Prac. & Rem. Code Ann. § 17.022 (Vernon 1997) (emphasis 
added); see Long v. Lopez, 115 S.W.3d 221, 227 n.5 (Tex. App.—Fort 
Worth 2003, no pet.); Graham Hotel Corp. v. Leader, 241 S.W. 700, 701 
(Tex. Civ. App.—Fort Worth 1922, no writ).  Because BTLP’s general 
partner BCTI was properly and timely served before limitations ran, the trial 
court was authorized to sign a judgment against the limited partnership 
BTLP.  See Tex. Civ. Prac. & Rem. Code Ann. § 17.022.  We hold that the trial 
court did not err in concluding that Looney’s suit against BTLP was not 
time-barred.  Accordingly, we overrule BTLP’s sole issue.
V. Conclusion
        Having 
overruled BTLP’s sole issue, we affirm the trial court’s judgment.

  
                                                          ANNE 
GARDNER
                                                          JUSTICE
  
  
PANEL B:   GARDNER, 
WALKER, and McCOY, JJ.
 
DELIVERED: April 15, 2004


NOTES
1.  
Despite BCTI’s and BTLP’s separate representation, during their opening 
statements, not only did BTLP’s counsel state that Looney’s claims were 
barred by limitations, but BCTI’s counsel also mentioned that 
Looney’s claims against BTLP were not brought within the limitations 
period.
2.  
BTLP’s counsel informed the trial court that the manager was not a corporate 
representative of either entity and was not going to offer any testimony.
3. 
Conclusions of law may not be challenged for factual sufficiency, but they may 
be reviewed to determine their correctness based upon the facts. Forbis v. 
Trinity Universal Ins. Co., 833 S.W.2d 316, 319 (Tex. App.—Fort Worth 
1992, writ dism’d). The trial court designated the challenged finding as a 
conclusion of law but also found that any conclusion of law deemed to be a 
finding of fact “is hereby adopted as a finding of fact.”  Because 
Appellant challenged the legal sufficiency of evidence, we will treat the 
conclusion as a finding of fact.
4. 
See Tex. R. App. P. 47.7 
(providing that unpublished cases may be cited, although they have no 
precedential value).
5. 
Even were we to address the prejudice element, from our careful examination of 
the record as detailed in the factual background above, we think that the record 
affirmatively reveals that BTLP was not prejudiced by Looney’s failure to 
bring the limited partnership into the suit within the limitation period. BTLP 
had the benefit of a full investigation and development of the case by the 
lawyer for the general partner who had defended the case from the time of its 
initial filing, as well as the benefit of the investigation and adjusting 
services of the risk management department, and it participated fully at trial. 
Not only was BTLP clearly on notice of the claim from the time of its 
occurrence, but it was not prejudiced by being named as a defendant after 
limitations ran.