

★ ★ ★       ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00601-CV

Jeffery I. **ROSIN**, Vinetta Rosin,
Berco James Rosin and Meliora Brielle Rosin, Minors By Next Friend Earle Cobb, Jr.,
Appellants

v.

**THE BERCO & LEJA ROSIN TRUST**, Rose Rosin, Trustee, Individually, and as
Independent Executrix of the Estate of Bernard Rosin, Deceased, Rosalyn Rosin, and Stanley
Blend,
Appellees

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2004-PC-3255
Honorable Polly Jackson Spencer, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:  July 8, 2009

DISMISSED IN PART FOR LACK OF JURISDICTION, AFFIRMED IN PART

This appeal from the probate court is brought by two sets of appellants. First, Berco James

Rosin and Meliora Brielle Rosin, minors, by next friend, Earle Cobb, Jr., appeal the trial court's

granting of a motion in limine in a will contest case in which the trial court found that the two minors

lacked standing to contest their grandfather's will. Second, Jeffery Rosin and Vinetta Rosin appeal the trial court's granting of summary judgment on the basis of limitations in their suit for an accounting of a trust and for damages. After the notice of appeal was filed, appellees filed a motion to dismiss the appeal as to Berco James Rosin and Meliora Brielle Rosin, minors by next friend, Earle Cobb, Jr. We grant the motion to dismiss and affirm the trial court's summary judgment as to Jeffery Rosin and Vinetta Rosin.

## MOTION TO DISMISS

Berco James Rosin and Meliora Brielle Rosin ("the minor plaintiffs") are Bernard Rosin's grandchildren. Bernard died in 2004, and his will was admitted to probate. In 2006, the minor plaintiffs filed a will contest in the probate court against Rose Rosin, individually and as independent executrix of the Estate of Bernard Rosin, Rosalyn Rosin, individually, and Stanley L. Blend, individually ("appellees"). Rose is Bernard's widow, Rosalyn is Rose and Bernard's daughter, and Stanley L. Blend is an attorney who represented Bernard's estate. Also in 2006, Jeffery Rosin, who is Rose and Bernard's son and the father of the minor plaintiffs, along with his wife Vinetta Rosin, filed a petition in district court for accounting and for damages against Rose, individually and as trustee for the Berco and Leja Rosin Trust. Berco and Leja Rosin were Bernard's parents and Jeffery's grandparents. That suit was then transferred to the probate court and was consolidated with the cause involving Bernard's estate.

Appellees filed a motion in limine as to the minor plaintiffs' claims, contending that the minor plaintiffs lacked standing to contest the will because they were not interested persons pursuant to the express terms of the will. The trial court conducted a hearing and granted the motion in limine. In its order dated July 13, 2007, the trial court found that the minor plaintiffs did not have standing

to contest Bernard's will or to seek damages related to the contest of the will because they were not interested persons. The court dismissed the minor plaintiffs' claims with prejudice. The minor plaintiffs took no steps to appeal the granting of the motion in limine until after summary judgment was granted against Jeffery and Vinetta in their suit for an accounting and damages. That order was signed by the trial court on May 7, 2008.

Appellees have now filed a motion to dismiss the minor plaintiffs' appeal as untimely, arguing that the granting of the motion in limine on July 13, 2007, was a final and appealable order. Therefore, according to appellees, the notice of appeal, which was filed on June 19, 2008, was untimely. The minor plaintiffs respond that the order granting the motion in limine was an interlocutory order. Further, they argue that because there was no severance, the trial court's July 13, 2007, order granting the motion in limine did not become final until all parties and claims were disposed of on May 7, 2008, through the trial court's signing of the summary judgment.

Final orders from the probate court are appealable to the courts of appeals. TEX. PROB. CODE ANN. § 5(g) (Vernon Supp. 2008). To authorize an appeal in a probate matter, however, "it is not necessary that the decision, order, decree, or judgment referred to therein be one [that] fully and finally disposes of the entire proceeding." *Crowson v. Wakeham*, 897 S.W.2d 779, 781 (Tex. 1995). "[I]t must be one [that] finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceedings is brought . . . ." *Id.* Recognizing the confusion caused by the manner in which probate appeals have been treated, the supreme court adopted the following test for probate appeals:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may

logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* at 783.

There is no express statute that declares an order dismissing a plaintiff's claim for lack of standing to be final and appealable. *See A & W Indus. v. Day*, 977 S.W.2d 738, 740 (Tex. App.—Fort Worth 1998, no pet.). The proceeding involving the minor plaintiffs related to their contesting Bernard's will. Once the trial court found that the minor plaintiffs lacked standing to bring the will contest, all issues in the phase of the proceeding for which it was brought had been disposed by the trial court. *Id.*; *see also Womble v. Atkins*, 331 S.W.2d 294, 297 (Tex. 1960) (holding that in probate action, dismissal because party is not an interested person is a final, appealable judgment). Thus, the order granting the motion in limine was a final appealable order, and the minor plaintiffs' notice of appeal was untimely. We, therefore, grant the appellees' motion to dismiss the minor plaintiffs' appeal for lack of jurisdiction.

We note that appellees, in their motion to dismiss the appeal, have also requested fees and costs, arguing that the minor plaintiffs' appeal is frivolous. *See* TEX. R. APP. P. 45. The minor plaintiffs, represented by their next friend and attorney, Earle Cobb, apparently were acting under the assumption, albeit incorrect, that a severance was necessary in order to make the order of dismissal a final appealable judgment. Under these circumstances, we decline to assess fees and costs.

Additionally, in their response to the motion to dismiss the appeal, the minor plaintiffs have moved to disqualify appellees' attorneys "because they are witnesses and represent conflicting interests." We find nothing in the record upon which to order disqualification and, therefore, we deny the motion.

## MOTION FOR SUMMARY JUDGMENT

*A.      Standard of Review*

To obtain a traditional summary judgment, a party moving for summary judgment must show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In reviewing the grant of a summary judgment, we must indulge every reasonable inference and resolve any doubts in favor of the respondent. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 549. In addition, we must assume all evidence favorable to the respondent is true. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 548-49. A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant has established a right to summary judgment, the burden shifts to the respondent to present evidence that would raise a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

Under Rule 166a(i), a party may move for a no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. *Id.* The respondent is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a(i) cmt-1997. In reviewing a trial court's order granting a no-evidence summary judgment, we consider the evidence in the light most favorable to the respondent and disregard all contrary evidence and

inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Thus, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* at 751; *see* TEX. R. CIV. P. 166a(i).

B.    *Background*

In their original petition for accounting and damages, Jeffery, as beneficiary of the Berco and Leja Rosin Trust, and his wife, Vinetta, alleged that Jeffery's mother, Rose, was the successor trustee of the Berco and Leja Rosin Trust, succeeding Bernard, who died in 2004. Berco and Leja Rosin were Bernard's parents and Jeffery's grandparents. Jeffery and Vinetta alleged that Berco and Leja Rosin's wills left their estates to their grandchildren, Rosalyn and Jeffery, in a trust that was to terminate on October 1, 1979. Further, Jeffery and Vinetta alleged that Bernard and Rose failed to make an accounting and concealed the trust in order to control and manipulate Jeffery and use the funds for their personal benefit. The petition further alleged that when Bernard died, Jeffery discovered that Bernard had executed a will in 1992 denying that Jeffery was his son and that Jeffery's children were his grandchildren. Jeffery and Vinetta also claimed in their petition that in 2001, a partial payment of stock was made to Jeffery, but there was no accounting, and further that Rose controlled the trust assets for personal benefit. Jeffery and Vinetta alleged Rose's failure to comply with the trust terms constituted negligence, breach of fiduciary duty, and breach of contract. Jeffery and Vinetta filed three amended petitions with similar allegations, including additional similar complaints regarding a trust created by Berco Rosin in 1960 for Jeffery's benefit. They then filed a motion for partial summary judgment claiming that they were entitled, as a matter of law, to an accounting on the trusts created by Berco Rosin in 1960 and the testamentary trusts created by Berco and Leja Rosin in 1969 and 1971.

Upon appellees' motion, Jeffery and Vinetta's suit for accounting and damages was transferred to the probate court and consolidated with the probate matter relating to the Estate of Bernard Rosin, deceased. After the transfer and consolidation, Rose filed a traditional motion for summary judgment as to plaintiffs' third amended original petition for accounting and damages. In her motion, Rose agreed that Berco and Leja Rosin established a trust in 1960 for the benefit of Jeffery and further that Berco and Leja Rosin established testamentary trusts for Jeffery's benefit. She urged, however, that any trust of which Jeffery was the beneficiary terminated many years before Jeffery requested an accounting. She presented proof that Berco's will was filed for probate on January 8, 1970; that Leja's will was filed for probate on July 6, 1972; and that these trusts terminated by their terms in 1979. And, although she was not able to produce a copy of the 1960 trust agreement, she did present a Trust Extension Agreement that extended the 1960 trust. That agreement was entered into by Jeffery and Bernard, as trustee, to extend the 1960 trust for a period of ten years from 1978 to 1988. Rose offered Jeffery's testimony that he, in fact, did sign the extension agreement that extended the trust from 1978 to 1988. As further evidence that any trust for Jeffery's benefit terminated no later than 1988, Rose presented an affidavit of Danny E. Heinich, CPA, along with a final tax return filed in 1988. In his affidavit, Heinich stated that his firm prepared tax returns for the Berco and Leja Rosin Trust for the benefit of Jeffery for years 1986 and 1987, and prepared a Final Tax Return for 1988. He also stated he was unaware of the existence of any asset of the Berco and Leja Rosin Trust for the benefit of Jeffery after June 1988. Rose also produced records from Merrill Lynch showing that the trust account assets were transferred to Jeffery's individual account in June 1988. And, she produced a letter from Bernard requesting Merrill Lynch to close the trust account and to distribute the proceeds to Jeffery and Rosalyn. Thus, according to

appellees, Jeffery and Vinetta's claims for an accounting of the trust and damages were barred by the four-year statute of limitations because any trusts that were created for Jeffery's benefit had terminated many years before Jeffery brought suit. Jeffery and Vinetta filed a response, contending that appellees had not negated the discovery rule.

Appellees subsequently filed a no-evidence motion for summary judgment as to Jeffery and Vinetta's fourth amended petition. In their motion, appellees argued that Jeffery and Vinetta can produce no evidence to support their claims. In all, the record reflects that Jeffery and Vinetta amended their pleadings eight times.

On May 7, 2008, the trial court signed a final judgment ordering that Jeffery and Vinetta's motion for partial summary judgment was denied; that appellees' traditional motion for summary judgment that all claims are barred by limitations was granted; and that appellees' no-evidence motion for summary judgment was granted. In the order, the trial court also sustained objections to Jeffery and Vinetta's proof in response to appellees' motion for summary judgment.

C.    *The Appeal*

On appeal, Jeffery and Vinetta urge reversal based on five issues:

1.    The trial court erred in granting appellees' traditional motion for summary judgment because appellees did not meet their burden of proving when the statute of limitation began to run.

2.    The trial court erred in granting appellees' no-evidence motion for summary judgment without allowing Jeffery and Vinetta the opportunity to replead.

3.    The trial court erred in granting appellees' no-evidence motion for summary judgment because Jeffery and Vinetta were denied adequate time and opportunity to conduct discovery.

4.      The trial court erred in ruling on Jeffery and Vinetta's motion for partial summary judgment before production of discovery from Merrill Lynch.

5.      The trial court erred in denying Jeffery and Vinetta's motion for partial summary judgment when they were entitled to an accounting relating to the trust as a matter of law.

*Statute of Limitations and the Discovery Rule*

A suit involving a trust is governed by the four-year statute of limitations. *Hicks v. Hoover*, 422 S.W.2d 613, 614 (Tex. Civ. App.—Waco 1967, writ ref'd n.r.e.). The statute of limitations begins to run when the all assets have been distributed. *See In re Estate of McGarr*, 10 S.W.3d 373, 376 (Tex. App.—Corpus Christi 1999, pet. denied). The discovery rule, however, tolls the running of the statute of limitations until the plaintiff discovers or should have discovered the nature of the injury. *Houston Endowment, Inc. v. Atlantic Richfield Co.*, 972 S.W.2d 156, 159 (Tex. App.—Houston [14th Dist.] 1998, no pet.). In order for the discovery rule to apply, the injury must be inherently undiscoverable and objectively verifiable. *Id.*

In their first issue, Jeffery and Vinetta argue that the trial court erred in granting summary judgment based on limitations. Specifically, they contend that their causes of action for fraud and breach of fiduciary duty were inherently undiscoverable and, therefore, the statute of limitations did not run against them until they discovered, through reading Bernard's will, that the loving relationship Jeffery assumed existed between himself and his parents did not, in fact, exist. According to Jeffery and Vinetta, the will in which Jeffery and his children were disinherited showed the true, hateful feelings Jeffery's parents kept hidden from him until after Bernard's death. And, according to Jeffery and Vinetta, because Jeffery was not aware of his parents' true feelings toward him, it was impossible for him to discover his parents' alleged improper acts in relation to the trust.

Jeffery and Vinetta urge in their fifth issue on appeal that, for these same reasons, they proved entitlement to an accounting on the trust as a matter of law, and therefore the trial court erred in overruling their motion for partial summary judgment on this issue.

Jeffery and Vinetta also argue that appellees failed to meet their summary judgment burden, essentially pointing out deficiencies in appellees' summary judgment proof as it relates to specifically which trust was referred to in the various documents that appellees presented to prove the trust at issue had terminated many years before suit was brought. Jeffery and Vinetta point out that the trust at issue is the "Berco & Leja Rosin Trust" that was created in 1960. They also emphasize that at the time of Berco Rosin's death in 1969 and at the time of Leja Rosin's death in 1972, testamentary trusts were established for the benefit of Jeffery and Rosalyn. According to Jeffery and Vinetta, the summary judgment documents do not clearly identify which trust they are referencing. For instance, as pointed out by Jeffery and Vinetta, the letter from Bernard to Merrill Lynch, which purports to request a distribution of the trust proceeds to Jeffery and Rosalyn, refers to "holdings of the Estate of Berco Rosin." Further, Jeffery and Vinetta point to other documents, which purport to relate to the trust at issue, but which instead refer to "Bernard Rosin Trustee for Jeffery I. Rosin," "the trust," and "Berco and Leja Rosin Trust for Jeffery I. Rosin." Thus, Jeffery and Vinetta argue that it is not clear whether these documents have any relation to the trust at issue.

Appellees respond that the summary judgment proof demonstrates that all trusts of which Jeffery was a beneficiary terminated in 1979 (the testamentary trusts) and 1988 (the trust created in 1960 and extended for ten years in 1978 to 1988). Further, according to appellees, the evidence shows that any trust assets were distributed to Jeffery. Finally, appellees emphasize that the record shows no other trust or trust asset was in existence after 1988.

Regardless of how many trusts and/or assets were referred to in the various summary judgment documents, appellees met their summary judgment burden by showing, essentially, that *any* trust created for Jeffery's benefit terminated long before the lawsuit was brought. Jeffery and Vinetta alleged that the trust at issue was the "Berco & Leja Rosin Trust." No trust instrument was ever produced; however, appellees did provide an extension agreement, which Jeffery admitted he signed, that extended the 1960 trust for a period of ten years from 1978 to 1988. Thus, Jeffery had until 1992 to sue for an accounting on the 1960 trust. As to the testamentary trusts, appellees presented proof that they terminated in 1979; therefore, Jeffery had until 1983 to bring an action. In response to appellees' summary judgment proof, Jeffery and Vinetta were unable to show a fact issue existed as to whether any trust or trust assets existed beyond what was reflected in appellees' summary judgment proof.

With regard to whether the discovery rule applies to toll the statute of limitations, appellees have likewise met their summary judgment burden. They presented proof showing when the statute of limitations ran. Further, the discovery rule is not applicable because there was no evidence of any inherently undiscoverable and objectively verifiable injury. The only allegation of wrongdoing Jeffery and Vinetta have made concerns Bernard's will in which he disinherited Jeffery and Jeffery's children. This allegation, however, has no relevance to the trusts of which Jeffery was a beneficiary and, in fact, is no evidence of any wrongdoing whatsoever. Bernard was entitled to dispose of his property in his will in whatever way he desired. His disinheritance of his son and grandchildren by no means evidences any wrongdoing, particularly as it related to acting as a trustee of a trust benefitting Jeffery. *See In re Estate of Good*, 274 S.W.2d 900, 902 (Tex. Civ. App.—El Paso 1955, writ ref'd n.r.e.) (explaining that "a citizen of this state may by his will dispose of his property

without regard to the ties of nature and relationship, and may do so in defiance of the rules of justice or the dictates of reason"). In short, Jeffery and Vinetta have presented no facts to support any allegation of wrongdoing on appellees' part with reference to the trusts in order to invoke application of the discovery rule. We, therefore, overrule Jeffery and Vinetta's first issue on appeal.

*No Opportunity to Amend Pleadings*

Upon sustaining special exceptions, the trial court must allow the pleader an opportunity to amend if the defect is curable. *Parker v. Barefield*, 206 S.W.3d 119, 120 (Tex. 2006). If not afforded the opportunity, however, in order to preserve error on appeal, the aggrieved party must show that he requested and was denied the opportunity to replead. *Id.*

In addition to the traditional motion for summary judgment that appellees filed on September 17, 2007, they also filed a no-evidence motion for summary judgment on November 30, 2007, which contained special exceptions to Jeffery and Vinetta's pleadings. The trial court did not rule on the motions for summary judgment until March 26, 2008, and did not enter its final order until May 7, 2008. Thus, from November 30, 2007, until May 7, 2008, Jeffery and Vinetta were aware of the pleading deficiencies claimed by appellees. And, Jeffery and Vinetta did, in fact, amend their pleadings during this period of time.

Jeffery and Vinetta contend, however, that the trial court erred in granting appellees' motion for summary judgment without allowing them an opportunity to amend their pleadings to cure any alleged defective pleadings. Appellees point out that Jeffery and Vinetta were given ample opportunity to amend their pleadings and further, that Jeffery and Vinetta waived error in this regard. We agree that Jeffery and Vinetta waived error because they did not raise their complaint in the trial court. "The complaint that summary judgment was granted without an opportunity to amend must

be raised in the trial court or it is waived." *Kasnetz v. Irving Healthcare Sys.*, No. 05-97-00304-CV, 1999 WL 442009, at *2 (Tex. App.—Dallas 1999, no pet.); *see also Clawson v. Wharton County*, 941 S.W.2d 267, 273 (Tex. App.—Corpus Christi 1996, writ denied).Therefore, we overrule Jeffery and Vinetta's second issue on appeal.

*Inadequate Opportunity for Discovery*

Ordinarily, a no-evidence motion for summary judgment cannot be granted until there has been an adequate time for discovery. TEX. R. CIV. P. 166a(i); *see also Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). In determining whether there has been adequate time for discovery, courts consider such factors as the following: (1) the nature of the case; (2) the nature of the evidence necessary to controvert the no-evidence summary judgment; (3) the length of time the case was active; (4) the amount of time the no-evidence motion had been on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery that has already taken place; and (7) whether the discovery deadlines were specific or vague. *Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied). A party contending it needs more time for discovery before summary judgment is heard must either file an affidavit explaining the need for further discovery or a verified motion for continuance. *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996).

Jeffery and Vinetta complain that the trial court erred in granting the no-evidence motion for summary judgment without affording them adequate time and opportunity to conduct discovery. Specifically, Jeffery and Vinetta argue that, although they attempted to conduct meaningful discovery, the appellees thwarted their efforts to obtain an accounting of the trust, records from

Merrill Lynch, discovery from Danny Heinich, CPA, inventory of the contents of a safe in Rose's home, and discovery from attorney Stanley Blend.

Appellees respond by pointing out that Jeffery and Vinetta had over two years to conduct discovery and that the motions for summary judgment were on file for over six months before the court ruled. Thus, Jeffery and Vinetta had ample time before summary judgment was granted to conduct discovery. Further, appellees set forth the discovery that *was* completed during the pendency of the suit, including written discovery and depositions. Further, appellees point out that they, in fact, requested the trust records from Merrill Lynch and Danny Heinich, CPA, which were provided. It is apparent, however, that the records Jeffery and Vinetta attempted to obtain, but were denied by the trial court after an *in camera* inspection, were the *personal* records of Bernard, Rose, and Rosalyn. However, this suit is for an accounting of the trust and for damages relating to the breach of fiduciary duty relating to the trust. The trial court, after considering the documents *in camera,* apparently concluded that the documents were irrelevant to any issue relating to the trust. Jeffery and Vinetta, however, do not take issue with the trial court's ruling on this matter, but instead seek to place blame on appellees for thwarting their discovery efforts. If Jeffery and Vinetta were dissatisfied with the trial court's rulings, then their complaint would be more appropriately directed to the trial court's rulings and not to the parties who successfully obtained those rulings. Furthermore, Jeffery and Vinetta, although complaining in their various responses that they needed further discovery, did not file a verified motion for continuance or an affidavit explaining the need for further discovery. *Tenneco*, 925 S.W.2d at 647. Thus, Jeffery and Vinetta have waived the issue. We overrule Jeffery and Vinetta's third issue.

*Merrill Lynch Discovery*

In their fourth issue, Jeffery and Vinetta complain that the trial court erred in ruling on their motion for partial summary judgment before the production of discovery from Merrill Lynch as ordered by the district court. Jeffery and Vinetta point to an agreed order entered on August 23, 2006, when the suit was still pending in district court. That order reflected the parties' agreement that Jeffery and Vinetta's motion for partial summary judgment would not be heard until Merrill Lynch records were received. Then, according to Jeffery and Vinetta, after the case was transferred to probate court, their motion for partial summary judgment was ruled upon before the Merrill Lynch records had been produced.

Appellees respond that, in fact, the Merrill Lynch records that had been subpoenaed were received by the parties before the trial court ruled on Jeffery and Vinetta's motion for partial summary judgment. Again, the complaint seems to be that Jeffery and Vinetta have not received *personal* records of appellees, matters which the trial court ruled they were not entitled to receive. We overrule Jeffery and Vinetta's fourth issue.

## CONCLUSION

Because the minor plaintiffs untimely filed their notice of appeal, we dismiss their appeal. With respect to Jeffery and Vinetta, we find no merit in their issues on appeal and, therefore, affirm the trial court's judgment.


Karen Angelini, Justice