Anna DIAMOND, Appellant,

v.

EIGHTH AVENUE 92, L.C., Appellee.

No. 2–02–197–CV.

Court of Appeals of Texas,
Fort Worth.

April 10, 2003.

Law Office of Mellannise Henderson–Love, P.C., Mellannise Henderson–Love, Dallas, for appellant.

Chamblee & Ryan, P.C., Jeffery M. Kershaw, Jennifer L.G. Barnes, David M. Walsh IV, Dallas, for appellee.

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. INTRODUCTION

This is an appeal from a summary judgment entered against Appellant Anna Diamond ("Diamond") on her claims against Appellee Eighth Avenue 92, L.C. ("Eighth Avenue"). In three issues, Diamond complains that the trial court erred by granting Eighth Avenue's motion for summary judgment, by sustaining Eighth Avenue's objections to Diamond's summary judgment evidence, and by granting Eighth Avenue's motion to dismiss. Because Diamond's claims against Eighth Avenue are barred by limitations, we will affirm the trial court's summary judgment for Eighth Avenue.

### II. FACTUAL AND PROCEDURAL HISTORY

Diamond slipped and fell on June 18, 1999, on a wet floor inside the Medical Plaza office building while on her way to a doctor's appointment in that building. According to Diamond, she later sent a "letter of representation" to the Medical Plaza Claims Department, seeking to discover the registered agent for Medical Plaza, but she received no response. She also tried several times to determine the registered agent for Medical Plaza through the Secretary of State. Finally, an unidentified person at Medical Plaza informed Diamond that Health Care Corporation of America ("HCA") had purchased Medical Plaza, and gave her the name of HCA's registered agent. On June 18, 2001, Diamond sued HCA, seeking actual and exemplary damages for her injuries.

In August 2001, HCA informed Diamond that she had sued the wrong entity and identified Eighth Avenue as the proper defendant. After confirming this error, Diamond non-suited HCA and filed her first amended petition in September 2001,

naming Eighth Avenue as the sole defendant. Eighth Avenue specially excepted to Diamond's first amended petition on the grounds that the pleading failed to set forth the date of the alleged injury or the amount of damages sought. Eighth Avenue also raised the affirmative defense of limitations, asserting that Diamond's claims accrued more than two years before she sued Eighth Avenue.

Diamond filed her second amended petition, alleging that she suffered damages in excess of $150,000 as a result of her slip and fall at the Medical Plaza on June 18, 1999. Diamond's second amended petition, however, did not plead any facts or theory in avoidance of the statute of limitations. Eighth Avenue again specially excepted, reasserting its position that Diamond's claims were time-barred and that her pleadings failed to set forth facts in avoidance of the application of the statute of limitations. The trial court sustained Eighth Avenue's special exceptions and ordered Diamond to replead "to set forth all facts that would suspend the limitation period ... codified by TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a)." The order further provided that if Diamond "does not amend her pleading in accordance with this Order, [her] causes of action will be dismissed with prejudice to the refiling of same."

Diamond filed a third amended petition, pleading:

11. [Eighth Avenue] was subsequently notified of the incident that occurred on their premises in a letter dated December 14, 1999. The letter was addressed to Medical Plaza, which was and is the name on the outside of the building. Defendants did not respond to the letter.

12. [Diamond]'s attorney contacted Medical Plaza and was informed that the name had been changed to Healthcare

Corporation of America ("HCA"). [Diamond]'s attorney was given the registered agent information so service could be effectuated. It was not until after the statute of limitations ran that the attorney for HCA informed [Diamond] that they were not the correct party. Defendant HCA gave [Diamond] the name of [Eighth Avenue]. [Diamond]'s attorney was informed that there was a conglomerate of shareholders that were involved in the ownership of the buildings.

13. It was at this point that [Diamond]'s attorneys conducted their own investigation. [Diamond]'s attorney called Medical Plaza business office for more information and the woman to whom we spoke was not cooperative. [Diamond]'s attorneys then contacted the Tarrant County Tax Office. We gave them the address for the Medical Plaza building and they gave us the name of [Eighth Avenue]. It was then that we contacted the Secretary of State and were given the name of the registered agent and the correct address. However, when service was effectuated, the sheriff contacted [Diamond]'s attorneys and informed us that [Eighth Avenue] did not accept service because it was not the proper address. [Diamond]'s attorneys contacted the Secretary of State again and were given a second address and service was finally effectuated.

On March 5, 2002, Eighth Avenue filed a motion for summary judgment. The motion alleged that Diamond's third amended petition failed to "set forth any legal theories supporting avoidance of the statute of limitations." Eighth Avenue also filed a motion to dismiss on March 18, 2002, asserting that Diamond had failed to allege facts sufficient to bring her cause of action within the trial court's jurisdiction. In an order dated May 15, 2002, the trial court granted Eighth Avenue's motion for summary judgment and motion to dismiss.

## III. STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999); *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex.1996); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *KPMG Peat Marwick*, 988 S.W.2d at 748; *see also* TEX.R. CIV. P. 94. To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996). If a defendant-movant establishes a right to summary judgment on statute of limitations grounds, the burden shifts to the non-movant to produce competent summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick*, 988 S.W.2d at 748; *Moreno v. City of El Paso*, 71 S.W.3d 898, 900 (Tex.App.-El Paso 2002, pet. denied).

## IV. STATUTE OF LIMITATIONS

In her first issue, Diamond complains that summary judgment for Eighth

Avenue was improper. The statute of limitations for a personal injury suit is two years. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp 2003). Diamond concedes that her first amended petition naming Eighth Avenue as a defendant was filed more than two years after the date of her injury. Therefore, Diamond bore the burden of bringing forth summary judgment evidence raising a genuine issue of material fact as to the application of some legal theory in avoidance of limitations. *KPMG Peat Marwick,* 988 S.W.2d at 748.

### A. Misnomer

 Diamond first contends that her amended petition naming Eighth Avenue as a defendant relates back to her timely filed original petition under the doctrine of misnomer.[1] A misnomer occurs when the plaintiff misnames either herself or the correct defendant, but the correct parties are actually served. *Enserch Corp. v. Parker,* 794 S.W.2d 2, 4–5 (Tex.1990); *Maher v. Herrman,* 69 S.W.3d 332, 338 (Tex.App.-Fort Worth 2002, pet. denied). In misnomer cases, limitations is tolled and a later amendment of the petition relates back to the date of the original petition-primarily because the party intended to be sued has been served and put on notice that it is the intended defendant. *Enserch Corp.,* 794 S.W.2d at 4–5; *Pierson v. SMS Fin. II, L.L.C.,* 959 S.W.2d 343, 347 (Tex. App.-Texarkana 1998, no pet.); *Hernandez v. Furr's Supermarkets, Inc.,* 924 S.W.2d 193, 196 (Tex.App.-El Paso 1996, writ denied).

Here, Diamond sued and served HCA as the sole defendant in her original petition. She did not merely misname the correct defendant, as contemplated by misnomer; she filed suit against and served the wrong entity entirely. The doctrine of misnomer is inapplicable to the present facts. Consequently, Diamond's first amended petition does not relate back to her timely filed original petition under the doctrine of misnomer.

### B. Misidentification

 In the alternative, Diamond asserts that this is a case of misidentification. Misidentification occurs when two separate legal entities with similar names actually exist and the plaintiff sues the wrong one because she is mistaken about which entity is the correct defendant. *Chilkewitz v. Hyson,* 22 S.W.3d 825, 828 (Tex.1999); *Enserch Corp.,* 794 S.W.2d at 4–5. In cases of misidentification where the wrong legal entity is sued, the limitation period may be equitably tolled if the plaintiff can prove that the proper defendant was not prejudiced by the mistake in pleading. *Enserch Corp.,* 794 S.W.2d at 5; *Cont'l S. Lines, Inc. v. Hilland,* 528 S.W.2d 828, 831 (Tex. 1975). To be entitled to equitable tolling, the plaintiff must show that the correct defendant had notice of the suit, was cognizant of the facts, and was not misled or disadvantaged by the mistake. *Chilkewitz,* 22 S.W.3d at 830; *Cont'l S. Lines, Inc.,* 528 S.W.2d at 831.

In support of her misidentification theory, Diamond's summary judgment response asserts that HCA and Eighth Avenue "made a conscious effort to create the illusion that the three buildings that made up Medical Plaza were in fact owned by Medical Plaza." Diamond also alleged "It is safe to say that HCA gave [Eighth

---

1. Diamond pleaded both misnomer and misidentification in her response to Eighth Avenue's motion for summary judgment, thus preserving these issues for appeal. *See Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co.,* 20 S.W.3d 692, 699 (Tex.2000) (holding that by raising affirmative defense in response to motion for summary judgment nonmovant preserved issue for appeal).

Avenue] notice of and a reasonable opportunity to defend the case." She attached several documents as summary judgment evidence in support of this contention. We examine this evidence in the light most favorable to Diamond to determine whether a fact issue exists regarding Diamond's misidentification theory.

■ Diamond relies upon two letters, a deposition excerpt, some insurance forms, and her attorney's affidavit. A December 14, 1999 letter from Diamond's attorney to the Medical Plaza Claims Department indicates that Diamond retained a law firm "for representation in regard to personal injuries she sustained as a result of the less than prudent conduct of your insured on or about the above referenced date [June 18, 1999]." The letter does not set forth the facts surrounding Diamond's injury, does not reference a lawsuit, and is dated eighteen months before Diamond filed her original petition against HCA.

■ An August 16, 2001 letter to Diamond's attorney from HCA's counsel simply states, "[s]ince we spoke last week regarding ownership of the building where the accident occurred, I have not heard from you. Please advise at your earliest convenience as to what your intentions are." This note corroborates Diamond's statement that she did not discover the proper defendant until August 2001; it possesses no other apparent relevance. Neither of these letters supports Diamond's contention that Eighth Avenue had notice of Diamond's June 18, 2001 lawsuit, was cognizant of the facts surrounding her injury, and was not misled or disadvantaged by her mistake in suing HCA instead of it. *See Chilkewitz*, 22 S.W.3d at 830.

The deposition excerpt from Diamond's deposition simply details the facts surrounding her fall. Diamond does not mention either HCA or Eighth Avenue in the excerpt. The excerpt provides no evidence relevant to misidentification.

Likewise, the insurance policy documents Diamond relies upon as summary judgment evidence fail to show any relationship between HCA and Eighth Avenue. They do not raise an issue of material fact concerning whether Eighth Avenue possessed awareness of Diamond's lawsuit, was cognizant of the facts surrounding her injury, or was not disadvantaged or prejudiced by Diamond's mistake in suing HCA instead of it.

■ Finally, the affidavit of Diamond's attorney provides, in pertinent part:

1. On December 14, 1999, my office sent a Letter of Representation to Medical Plaza Claims Department.

2. My office never received a response from the Medical Plaza or any authorized agent.

3. My office was unable to locate the registered agent for Medical Plaza through the Secretary of State.

4. I called Medical Plaza to try to ascertain who was their registered agent. I learned that Medical Plaza was purchased by Health Care Corporation of America.

5. Chad Rook of the firm Jones Rook Austin L.L.P. answered for HCA.

6. In August 2001 Chad Rook made me aware that another corporation might be the proper defendant.

7. After checking the Fort Worth tax office I was informed that although the name Medical Plaza appears on the outside [of] the three buildings, the actual owners consist of a group of shareholders under the name Eighth Avenue, 92 L.C.

8. Plaintiff filed suit against Eighth Avenue, 92, L.C. on September 13, 2001.

The affidavit does not raise any fact issues with regard to whether Eighth Avenue possessed awareness of Diamond's lawsuit,

was cognizant of the facts surrounding her injury, and was not disadvantaged or prejudiced by Diamond's mistake in suing HCA instead of it.

Viewing Diamond's summary judgment evidence in the light most favorable to her, no summary judgment evidence exists raising a genuine issue of material fact concerning the application of the doctrine of misnomer or the doctrine of misidentification. *See, e.g., Chilkewitz,* 22 S.W.3d at 830. We overrule Diamond's first issue.

### V. OBJECTIONS TO DIAMOND'S SUMMARY JUDGMENT EVIDENCE

In her second issue, Diamond complains that the trial court erred in sustaining Eighth Avenue's numerous objections to her summary judgment evidence. We have held that Diamond's summary judgment evidence fails to raise a genuine issue of material fact in avoidance of the statute of limitations. *See* TEX.R.APP. P. 44.1(a)(1). Accordingly, any error by the trial court in sustaining objections to Diamond's summary judgment evidence was harmless. We overrule Diamond's second issue.

### VI. DISMISSAL OF DIAMOND'S CLAIMS

In her third and final issue, Diamond complains that the trial court erred by granting Eighth Avenue's motion to dismiss her claims with prejudice. Because we hold that the trial court properly granted summary judgment for Eighth Avenue on limitations, any error in the trial court's dismissal ruling is also harmless. *See id.* Accordingly, we overrule Diamond's third point.

### VII. CONCLUSION

Having overruled all of Diamond's issues, we affirm the trial court's judgment.