COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-337-CV
  
  
WALTER 
PIKUL                                                                     APPELLANT
  
V.
   
KROGER 
COMPANY STORE NO. 536 AND                                APPELLEES
COCA-COLA 
BOTTLING COMPANY OF
NORTH 
TEXAS AND COCA-COLA COMPANY
 
 
------------
 
FROM 
THE 17TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        In 
two issues, Appellant Walter Pikul claims that the trial court erred by granting 
summary judgment for Appellee Coca-Cola Bottling Company of North Texas based on 
limitations and by granting Appellee Kroger Company Store No. 536's motion for 
directed verdict. We will affirm.
II. Factual and 
Procedural Background
        On 
June 2, 1999, Pikul slipped and fell at Kroger. Pikul looked to see why he had 
fallen and noticed a Coca-Cola display. He saw some scattered cases of Coke off 
to one side of the door he had entered. Pikul got up, had his prescriptions 
filled, and left the store. Later that evening, Pikul’s right shoulder began 
hurting, and ten months later, after unsuccessful conservative treatment, Pikul 
had shoulder surgery.
        On 
June 1, 2001, Pikul sued Kroger and The Coca-Cola Company for damages he 
suffered as a result of his fall. The Coca-Cola Company moved for, and obtained, 
summary judgment on the ground that it was not a proper party to the lawsuit; 
The Coca-Cola Company owns the patent on Coca-Cola syrup and enters into 
contracts with individual bottling companies throughout the United States, but 
does not bottle or sell Coke.[2]  On December 16, 
2002, Pikul filed his first amended original petition, naming Coca-Cola Bottling 
Company of North Texas for the first time as a defendant. The trial court 
subsequently granted Coca-Cola Bottling Company of North Texas’s motion for 
summary judgment on limitations grounds.
        Pikul 
pleaded two causes of action against Kroger, a traditional premises liability 
cause of action and liability based on an alleged joint venture between Kroger 
and Coca-Cola Company. These claims proceeded to trial, but the trial court 
granted Kroger’s motion for a directed verdict at the conclusion of Pikul’s 
case in chief. This appeal followed.
 
III. Limitations Summary Judgment for
Coca-Cola 
Bottling Company of North Texas
 
        A. 
Standard of Review
        The 
statute of limitations is an affirmative defense. Tex. R. Civ. P. 94; Woods v. William 
M. Mercer, Inc.,769 S.W.2d 515, 517 (Tex. 1988). A defendant moving for 
summary judgment on a statute of limitations affirmative defense must prove 
conclusively that defense's elements. Shah v. Moss, 67 S.W.3d 836, 842 
(Tex. 2001); Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530 (Tex. 
1997). In reviewing a trial court’s summary judgment, we resolve all doubts 
against the movant, and we view the evidence in the light most favorable to the 
nonmovants. KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 
S.W.2d 746, 748 (Tex. 1999). Additionally, in determining whether a disputed 
material fact issue exists, we take as true evidence favorable to the nonmovant. 
Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). 
Accordingly, the burden is on the movant to conclusively establish as a matter 
of law that limitations is a bar to the action. See Rowntree v. Hunsucker, 
833 S.W.2d 103, 104 (Tex. 1992). If a movant does establish that the statute of 
limitations bars the action, the nonmovant must then adduce summary judgment 
proof raising a fact issue in avoidance of the statute of limitations. Woods, 
769 S.W.2d at 518; Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex. 
1975); Diamond v. Eighth Ave. 92, L.C., 105 S.W.3d 691, 695 (Tex. 
App.—Fort Worth 2003, no pet.).
B. Legal Theories in Avoidance of Limitations
        Pikul 
pleaded that he slipped and fell in Kroger on June 2, 1999. He filed suit 
against the Coca-Cola Bottling Company of North Texas on December 16, 2002. The 
Coca-Cola Bottling Company of North Texas pleaded the affirmative defense of 
limitations and moved for summary judgment on this ground. The Coca-Cola 
Bottling Company of North Texas conclusively established that Pikul’s December 
16, 2002 suit against it for damages from his June 2, 1999 fall was barred by 
limitations. See Tex. Civ. Prac. 
& Rem. Code Ann. § 16.003(a) (Vernon 2002) (providing statute of 
limitations for a personal injury suit is two years); Diamond, 105 S.W.3d 
at 695. Thus, the burden shifted to Pikul to adduce summary judgment proof 
raising a fact issue on every element of some legal theory in avoidance of the 
statute of limitations. See Woods, 769 S.W.2d at 518. In his first issue, 
Pikul points to three theories of avoidance on which he claims genuine issues of 
material fact exist: assumed name, misnomer, and misidentification.
        1. Assumed Name
        Concerning 
Pikul’s assumed name contention, rule 28 of the rules of civil procedure 
provides, in pertinent part, that any corporation doing business under an 
assumed name may sue or be sued in its assumed name. Tex. R. Civ. P. 28; Chilkewitz v. 
Hyson, 22 S.W.3d 825, 830 (Tex. 1999). The only summary judgment evidence 
raised by Pikul on the issue of whether the Coca-Cola Bottling Company of North 
Texas was doing business under the assumed name of The Coca-Cola Company is a 
statement made at the beginning of a deposition by counsel for The Coca-Cola 
Company that he was (before the Coca-Cola Bottling Company of North Texas had 
been sued) representing “Coca-Cola Bottling Company.” As a matter of law 
this preliminary statement by counsel at a deposition is not evidence that 
Coca-Cola Bottling Company of North Texas was in fact doing business as The 
Coca-Cola Company. See, e.g., Banda v. Garcia, 955 S.W.2d 270, 272 (Tex. 
1997) (holding that normally an attorney’s statements must be under oath to be 
considered evidence); United States Gov't v. Marks, 949 S.W.2d 320, 326 
(Tex. 1997) (same); Fullenwider v. Am. Guar. & Liab. Ins. Co., 821 
S.W.2d 658, 662 (Tex. App.—San Antonio 1991, writ denied) (same). Because no 
summary judgment evidence exists raising any issue of fact that the Coca-Cola 
Bottling Company of North Texas was doing business under the assumed name of The 
Coca-Cola Company, we hold rule 28 is not applicable to this case. See Howell 
v. Coca-Cola Bottling Co. of Lubbock, Inc., 595 S.W.2d 208, 212 (Tex. Civ. 
App.—Amarillo 1980, writ ref’d n.r.e.) (holding rule 28 inapplicable because 
nothing in the record indicated the two corporations in question were doing 
business under an assumed or common name).
        2. Misnomer
        Misnomer 
occurs when the plaintiff misnames either himself or the correct defendant, but 
the correct parties are actually served. Enserch Corp. v. Parker, 794 
S.W.2d 2, 4-5 (Tex. 1990); Diamond, 105 S.W.3d at 695. In misnomer cases, 
a later amendment of the petition relates back to the date of the original 
petition primarily because the party intended to be sued has been served and put 
on notice that it is the intended defendant. Enserch Corp., 794 S.W.2d at 
4-5.
        Here, 
the correct parties were not involved. Pikul sued The Coca-Cola Company. The 
trial court granted a summary judgment to The Coca-Cola Company on the ground 
that it was not the correct party. That summary judgment is not challenged here. 
Thus, the summary judgment record contains no evidence raising a genuine issue 
of material fact on whether Pikul misnamed, but actually sued, the correct party 
in his original petition; the summary judgment for The Coca-Cola Company 
conclusively establishes the opposite, that Pikul sued the wrong party, The 
Coca-Cola Company. We hold that the summary judgment record before us does not 
support application of the doctrine of misnomer. See Diamond, 105 
S.W.3d at 695.
        3. Misidentification
        Misidentification 
occurs when two separate legal entities with similar names actually exist and 
the plaintiff sues the wrong one because he is mistaken about which entity is 
the correct defendant. Chilkewitz, 22 S.W.3d at 828; Enserch Corp., 
794 S.W.2d at 4-5; Diamond, 105 S.W.3d at 695-96. In cases of 
misidentification when the wrong legal entity is sued, the limitation period may 
be equitably tolled if the plaintiff can prove that the proper defendant was not 
prejudiced by the mistake in pleading. Enserch Corp., 794 S.W.2d at 5; Cont'l 
S. Lines, Inc. v. Hilland, 528 S.W.2d 828, 831 (Tex. 1975). To be entitled 
to equitable tolling, the plaintiff must show that the correct defendant had 
notice of the suit, was cognizant of the facts, and was not misled or 
disadvantaged by the mistake. Chilkewitz, 22 S.W.3d at 830; Cont'l S. 
Lines, Inc., 528 S.W.2d at 831.
        Pikul 
points to no summary judgment evidence indicating that Coca-Cola Bottling 
Company of North Texas had notice of Pikul’s suit, was cognizant of the facts 
surrounding his suit, and was not misled or disadvantaged by Pikul’s mistake 
in suing The Coca-Cola Company instead of it. See Diamond, 105 S.W.3d at 
696. No summary judgment proof exists in the record before us raising a fact 
issue concerning the application of the legal theory of misidentification.
        Because 
Coca-Cola Bottling Company of North Texas conclusively established the 
affirmative defense of limitations and because the record before us does not 
raise a genuine issue of material fact concerning application of rule 28 or the 
legal theories of misnomer or misidentification, we overrule Pikul’s first 
issue.
IV. Directed 
Verdict for Kroger
A. Standard of Review
        A 
directed verdict is proper only when (1) the evidence conclusively establishes 
the right of the movant to judgment or negates the right of the opponent, or (2) 
the evidence is insufficient to raise a fact issue that must be established 
before the opponent is entitled to judgment. Prudential Ins. Co. of Am. v. 
Fin. Review Servs., Inc., 29 S.W.3d 74, 77 (Tex. 2000); Cano v. N. Tex. 
Nephrology Assocs., 99 S.W.3d 330, 338 (Tex. App.—Fort Worth 2003, no 
pet.). In reviewing a directed verdict, we view the evidence in the light most 
favorable to the party against whom the verdict was rendered and disregard all 
contrary evidence and inferences. Szczepanik v. First S. Trust Co., 883 
S.W.2d 648, 649 (Tex. 1994); White v. S.W. Bell Tel. Co., 651 S.W.2d 260, 
262 (Tex. 1983). If there is any conflicting evidence of probative value that 
raises a material fact issue on any theory of recovery, a determination of that 
issue is for the jury. Szczepanik, 883 S.W.2d at 649; White, 651 
S.W.2d at 262.
        B. No Evidence Kroger had Notice of Condition
        It 
is undisputed that a business owner owes its invitee a duty to exercise 
reasonable care to protect him from dangerous conditions in the store that were 
known or reasonably discoverable. See Wal-Mart Stores, Inc. v. Reece, 81 
S.W.3d 812, 814 (Tex. 2002); Wal-Mart Stores, Inc. v. Gonzalez, 968 
S.W.2d 934, 936 (Tex. 1998). Kroger concedes it owed this duty to Pikul but 
claims that no evidence exists that it had actual or constructive knowledge of 
the alleged unreasonably dangerous condition.
        To 
prevail in a slip-and-fall premises liability case, the plaintiff must prove, 
among other things, that the business owner had actual or constructive notice of 
the dangerous condition. Reece, 81 S.W.3d at 814; see also Keetch v. 
Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992); Corbin v. Safeway Stores, 
Inc., 648 S.W.2d 292, 295-96 (Tex. 1983). The slip-and-fall plaintiff may 
satisfy the notice element by establishing that (1) the defendant placed the 
substance on the floor, (2) the defendant actually knew that the substance was 
on the floor, or (3) it is more likely than not that the condition existed long 
enough to give the premises owner a reasonable opportunity to discover it. Reece, 
81 S.W.3d at 814.
        Here, 
Pikul concedes that no evidence exists that Kroger actually placed the Coke 
cartons on the floor or that the Coke cartons were strewn on the floor long 
enough to give Kroger a reasonable opportunity to discover the condition. Pikul 
argues, however, that Kroger knew the cartons were on the floor because 
circumstantial evidence exists imputing the actions of Coca-Cola Bottling 
Company of North Texas in placing the cartons on the floor to Kroger. Pikul 
argues that Kroger had the right to control the work of the Coca-Cola Bottling 
Company of North Texas employees on its premises and that it should not be 
allowed to delegate the duty of care it owes to invitees. As evidence that 
Kroger had the right to control the work of the Coca-Cola employees on its 
premises, Pikul points to the testimony of Rodney Colclasure. Mr. Colclasure did 
not testify that Kroger possessed the right to control the work of Coca-Cola 
employees. Mr. Colclasure testified only that Kroger would tell the Coca-Cola 
employees where to build the Coke display. We hold that Kroger’s directions to 
the Coca-Cola Bottling Company of North Texas employees as to where to build the 
Coke display do not constitute the exercise of such a degree of control that the 
actions of the Coca-Cola Bottling Company of North Texas employee building the 
display are imputed to Kroger. See, e.g., Hoechst-Celanese Corp. v. Mendez, 
967 S.W.2d 354, 356 (Tex. 1998). Likewise, no evidence exists that Kroger and 
Coca-Cola Bottling Company of North Texas were involved in a joint venture. See 
St. Joseph Hosp. v. Wolff, 94 S.W.3d 513, 535-36 (Tex. 2002). We overrule 
Pikul’s second issue.
V. Conclusion
        Having 
overruled both of Pikul’s issues, we affirm the trial court’s judgment.
 
  
                                                          SUE 
WALKER
                                                          JUSTICE

  
  
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DELIVERED: 
February 17, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Pikul does not challenge the summary judgment granted in favor of The Coca-Cola 
Company.