Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-11-00475-CV

Christian W. **PFISTER**,
Appellant

v.

Elizabeth **DE LA ROSA** and Rosedale Place, Inc.,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-20906
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  July 11, 2012

AFFIRMED

Christian Pfister appeals the trial court's granting of summary judgment in favor of Rosedale Place, Inc. based on limitations. We affirm.

### BACKGROUND

On December 2, 2010, Christian Pfister sued Elizabeth De La Rosa for breach of contract, alleging that De La Rosa, an individual, failed to provide proper nursing home care to Pfister's mother, Mary Evans Pfister. The petition alleged that Mary Evans Pfister was admitted

to a hospital on December 21, 2006, because of De La Rosa's failure to provide proper nursing home care. On December 30, 2010, De La Rosa filed a general denial and specifically pled as an affirmative defense that she was not a proper party to this suit. On February 11, 2011, Pfister filed an amended petition, which added Rosedale Place, Inc. as a defendant. On April 4, 2011, De La Rosa filed a motion for summary judgment, arguing that the parties to the contract at issue were Mary Pfister, Jeff Pfister (Appellant's brother), and Rosedale Place, Inc. According to De La Rosa, she was Rosedale Place's employee and an authorized representative. She urged that she had no ownership interest in Rosedale Place. On May 5, 2011, the trial court granted De La Rosa's motion for summary judgment.[1]

On May 12, 2011, Rosedale Place was served with petition and citation. After filing an answer that pled limitations as an affirmative defense, on May 16, 2011, Rosedale Place filed a motion for summary judgment based on limitations. In its motion, Rosedale Place emphasized that Pfister alleged Rosedale Place breached the contract on or about December 21, 2006, and that the limitations period for breach of contract is four years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2008). Because Pfister did not file an amended petition adding Rosedale Place as a defendant until February 11, 2011, more than four years after the alleged breach, Rosedale Place argued that limitations barred Pfister's claim against it. In response, Pfister argued that his amended petition relates back to his original petition, which was filed on December 2, 2010, within the limitations period. On June 13, 2011, the trial court granted Rosedale Place's motion for summary judgment. Pfister appeals the summary judgment granted in favor of Rosedale Place.

---

[1] Pfister does not complain on appeal about the trial court's granting of summary judgment in favor of De La Rosa.

## STANDARD OF REVIEW

We review the trial court's grant of summary judgment de novo. *Provident Life & Accidental Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When reviewing a summary judgment, we take as true all evidence favorable to the respondent, and we indulge every reasonable inference and resolve any doubts in the respondent's favor. *Id.*

"A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense." *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). "Thus, the defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury." *Id.* If the movant establishes that the statute of limitations bars the action, the respondent must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.* Here, Rosedale Place submitted summary judgment evidence that the cause of action accrued on December 21, 2006, and that Pfister did not file suit until more than four years later. Pfister has not disputed when his cause of action accrued, nor has Pfister raised the discovery rule. Thus, Rosedale Place met its summary judgment burden, and the burden then shifted to Pfister to produce competent summary judgment evidence raising a fact issue in avoidance of the statute of limitations. *See id.*; *Diamond v. Eighth Ave. 92, L.C.*, 105 S.W.3d 691, 694-95 (Tex. App.—Fort Worth 2003, no pet.) (discussing that burden to produce evidence in support of doctrines of misidentification and misnomer fell to respondent in summary judgment proceeding).

## DISCUSSION

Pfister argues that the statute of limitations does not bar his breach of contract claim against Rosedale Place because his amended petition, which added Rosedale Place as a defendant, should "relate back" to his original petition, filed within the limitations period. For support, Pfister relies on the relation-back doctrine and cites section 16.068 of the Texas Civil Practice and Remedies Code. Section 16.068 provides the following:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (West 2008).

In discussing the relation-back doctrine, the Texas Supreme Court has observed that "ordinarily, an amended pleading adding a new party does not relate back to the original pleading." *Univ. of Tex. Health Sci. Ctr. v. Bailey*, 332 S.W.3d 395, 400 (Tex. 2011) (quotation omitted). The court explained that misnomer is an exception to this general rule and that while misidentification is also an exception to the general rule, it is a more limited one. *Id.* A misnomer occurs when a party misnames another party, but the correct parties are involved in the lawsuit. *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding). That is, "[m]isnomer arises when a plaintiff sues the correct entity but misnames it." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999). "Courts generally allow parties to correct a misnomer so long as it is not misleading." *Greater Houston*, 295 S.W.3d at 325. "Typically, misnomer cases involve a plaintiff who has misnamed the defendant, and a petition involving this type of misnomer is nonetheless effective, for limitations purposes, when filed, with any subsequent amendment relating back to the date of the original filing." *Id.* at 326.

"Courts are flexible in these cases because the party intended to be sued has been served and put on notice that it is the intended defendant." *Id.* "A misnomer differs from a misidentification." *Id.* at 325. "Misidentification – the consequences of which are generally harsh – arises when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity." *Id.*

Pfister argues that his naming De La Rosa as a defendant was a misnomer. According to Pfister's brief, he was led to believe that De La Rosa was the operating owner and manager of Rosedale Place. He argues that he sued De La Rosa because he believed her to be the owner of Rosedale Place. This case, however, is not one of misnomer. A misnomer occurs when the plaintiff misnames the correct defendant, but the correct defendant was actually served. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4-5 (Tex. 1990). Here, Pfister sued and served De La Rosa as the sole defendant in his original petition. He did not merely misname the correct defendant, as contemplated by misnomer. Instead, he filed suit against and served the wrong defendant entirely. Thus, the doctrine of misnomer does not apply here.

Misidentification occurs when two separate legal entities with similar names actually exist and the plaintiff sues the wrong one because he is mistaken about which entity is the correct defendant. *Chilkewitz*, 22 S.W.3d at 828; *Enserch Corp.*, 794 S.W.2d at 4-5. In cases of misidentification where the wrong legal entity is sued, the limitation period may be equitably tolled if the plaintiff can prove that the proper defendant was not prejudiced by the mistake in pleading. *Diamond*, 105 S.W.3d at 695; *see also Enserch Corp.*, 794 S.W.2d at 695. To be entitled to equitable tolling, the plaintiff must show that the correct defendant had notice of the suit, was cognizant of the facts, and was not misled or disadvantaged by the mistake. *Diamond*, 105 S.W.3d at 695; *see also Chilkewitz*, 22 S.W.3d at 830.

In his response to Rosedale Place's motion for summary judgment, Pfister argued that (1) both Rosedale Place and De La Rosa have the same address; (2) a business relationship exists between Rosedale Place and De La Rosa; (3) both Rosedale Place and De La Rosa are represented by the same attorney; and (4) both Rosedale Place and De La Rosa are cognizant of the facts of the case and could not have been misled as the basis of the suit. However, Pfister did not attach any summary judgment evidence in support of these assertions. There is simply no evidence in the record to support his assertion that Rosedale Place had notice of the suit, was cognizant of the facts, and was not misled or disadvantaged by the mistake. *See Diamond*, 105 S.W.3d at 695; *see also Chilkewitz*, 22 S.W.3d at 830. Viewing the summary judgment evidence in the light most favorable to Pfister, we hold that Pfister has not met his burden of producing summary judgment evidence raising a fact issue in avoidance of the statute of limitations.[2] *See Diamond*, 105 S.W.3d at 695. We, therefore, affirm the judgment of the trial court.

Karen Angelini, Justice

---

[2] Having so held, we need not reach Pfister's remaining issue.