**Opinion filed April 23, 2020**



### In The

# Eleventh Court of Appeals

_____

## No. 11-18-00114-CV

_____

## CASEY HARRIS, Appellant

## V.

## PIONEER NATURAL RESOURCES USA, INC., Appellee

**On Appeal from the County Court at Law No. 2**
**Midland County, Texas**
**Trial Court Cause No. CC19281**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment rendered against Appellant, Casey Harris, on limitations. In a single issue, Appellant contends that the trial court erred by granting summary judgment because the statute of limitations was tolled under the doctrines of misidentification or misnomer. We affirm.

*Background Facts*

In March 2015, appellee Pioneer Natural Resources USA, Inc. (PNRUSA) operated an oil and gas lease in Glasscock County, Texas. Appellant asserts that he

sustained personal injuries from a slip and fall at PNRUSA's lease on March 23, 2015.

Appellant brought a personal injury suit on February 17, 2017. However, Appellant's original petition named Pioneer Natural Resources Company (PNRC) as the defendant. PNRC filed its original answer and verified denial on April 3, 2017, contending that it was not liable in the capacity in which it was sued. PNRC also alleged a defect of the parties.

Appellant served a request for disclosures on PNRC on April 10, 2017. On May 10, 2017, PNRUSA, rather than PNRC, responded to Appellant's request for disclosures. In its response, PNRUSA stated that it had been "incorrectly identified as Pioneer Natural Resources Company." PNRUSA also responded to Appellant's request for disclosure of the correct names of the parties by stating that "Pioneer Natural Resources Company has been incorrectly named. The correct name of this party is Pioneer Natural Resources USA, Inc." However, PNRC remained the sole defendant for the rest of 2017.

In December 2017, PNRC moved for summary judgment on the basis that it was not the proper defendant because PNRUSA had actual control, possession, or ownership of the premises where Appellant was injured. The trial court heard PNRC's motion for summary judgment on January 2, 2018. On January 5, 2018, Appellant filed his first amended petition, which omitted and effectively nonsuited PNRC and added PNRUSA as a defendant. PNRUSA was served with the first amended petition on January 17, 2018. PNRUSA filed its answer and traditional motion for summary judgment in February 2018. The trial court granted PNRUSA's motion for summary judgment in April 2018, and this appeal followed.

*Analysis*

We review a trial court's grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (citing *Provident Life & Accident*

2

*Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)).  When reviewing a summary judgment, we review the evidence in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts against the motion.  *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833 (Tex. 2018) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)).

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense.  *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997).  If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations.  *KPMG Peat Marwick v. Harrison Cty. Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

Appellant's claims are governed by a two-year statute of limitations.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2017).  Generally, a suit must be brought within the limitations period, and suing one entity will not toll limitations with respect to a different entity.  *See Cont'l S. Lines, Inc. v. Hilland*, 528 S.W.2d 828, 829 (Tex. 1975).  It is undisputed that Appellant filed his first amended petition naming PNRUSA as a defendant after the two-year limitations period expired.  Therefore, Appellant bore the burden of bringing forth summary judgment evidence raising a genuine issue of material fact regarding the application of some legal theory in avoidance of limitations.  *Diamond v. Eighth Ave. 92, L.C.*, 105 S.W.3d 691, 695 (Tex. App.—Fort Worth 2003, no pet.) (citing *KPMG Peat Marwick*, 988 S.W.2d at 748).

Appellant contends that the statute of limitations should have been tolled under the doctrines of misidentification or misnomer.  Texas courts recognize a distinction between misnomer and misidentification.  *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4 (Tex. 1990).  A misnomer arises when a plaintiff sues the correct entity

3

but misnames it in the pleadings. *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding). Courts generally allow a party to correct a misnomer by permitting the subsequent amendment to relate back to the filing date of the original petition. *Id.*; *Parker*, 794 S.W.2d at 4–5. Courts are more flexible in misnomer cases because the correct defendant has been served and has notice that it is the intended defendant. *Greater Houston Orthopaedic Specialists*, 295 S.W.3d at 325–26.

Misidentification typically occurs when two separate legal entities exist, and the plaintiff mistakenly sues an entity with a similar name. *Id.* Misidentification usually does not toll the statute of limitations. *Parker*, 794 S.W.2d at 5. An exception exists, however, when (1) two separate but related entities use similar trade names, (2) the correct entity had notice of the suit, and (3) the correct entity was not misled or disadvantaged by the misidentification. *See Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004). Courts have recognized this exception because, in such situations, strictly applying the statute of limitations does not advance its primary purpose of compelling the exercise of the plaintiff's rights within a reasonable time in order to afford the defendant a fair opportunity to defend the suit while the witnesses are available and the evidence is still fresh in their minds. *Hilland*, 528 S.W.2d at 831. This exception is known as the "*Hilland* Rule" and is considered to be a narrow exception. *See Chavez v. Andersen*, 525 S.W.3d 382, 388 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Cortinas v. Wilson*, 851 S.W.2d 324, 327 (Tex. App.—Dallas 1993, no writ).

In misidentification cases, the issue is not whether the plaintiff used diligence in suing the correct defendant but, rather, "whether the legitimate purpose of the limitations statute would be served by its application under circumstances where no party is misled or placed at a disadvantage by the error in pleading." *Parker*, 794 S.W.2d at 5 (citing *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 434 (Tex. App.—

Austin 1987, writ ref'd n.r.e.)). For the exception to apply, however, the plaintiff must demonstrate that the correct defendant had notice of the suit within the limitations period. *Burchinal v. PJ Trailers-Seminole Mgmt. Co.*, 372 S.W.3d 200, 213 (Tex. App.—Texarkana 2012, no pet.); *Cooper v. D & D G.C. of Gilmer, Inc.*, 187 S.W.3d 717, 720 (Tex. App.—Tyler 2006, no pet.) (citing *Hilland*, 528 S.W.2d at 831); *see Hilland*, 528 S.W.2d at 831 (indicating that there was no finding that defendant "was actually notified and had a fair opportunity to defend itself before the period of limitations had run").

On appeal, Appellant relies on both misnomer and misidentification. However, Appellant did not raise misnomer in his response to the motion for summary judgment as a ground for defeating the motion for summary judgment.[1] The nonmovant must expressly present to the trial court, by written answer or response, any issues defeating the movant's entitlement to summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)); *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.). "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c). Thus, by not presenting misnomer as a ground for defeating summary judgment in its response, Appellant cannot rely on misnomer on appeal. *See Diamond*, 105 S.W.3d at 695 n.1 (noting that the appellant could rely on both misnomer and misidentification because she raised both grounds in her response to the motion for summary judgment). Moreover, because Appellant sued the wrong entity of two existing entities, this is a case of misidentification rather than

---

[1]Appellant asserted as follows in his response to the motion for summary judgment: "Here, Plaintiff sued PNRC instead of [PNRUSA]. Clearly, Plaintiff falls in the limited exception of misidentification."

misnomer. *See Parker*, 794 S.W.2d at 5. Thus, Appellant's misnomer argument fails.

Appellant had the burden to adduce summary judgment evidence raising a genuine issue of material fact as to the application of the misidentification doctrine. Appellant contends that PNRUSA had notice that it was the intended defendant and was not misled or disadvantaged by Appellant's mistake in naming PNRC as the defendant. In support of his position, Appellant points out that the same attorney represented PNRC and PNRUSA at all stages of this litigation and that PNRUSA appeared to respond to Appellant's discovery requests propounded upon PNRC. Appellant also attached photographs to his summary judgment response depicting the accident site. In several of the photographs, a sign on the premises read "Pioneer Natural Resources."

After reviewing the record, there is no summary judgment evidence that PNRUSA and PNRC are related entities. Although it is true that both entities are similarly named, this fact is insufficient, without more, to establish that the two entities are related. The photographs Appellant relies upon also do not establish a relationship between the two entities. The sign that is depicted only refers to "Pioneer Natural Resources," but it does not allude to any connection between PNRUSA and PNRC. Similarly, the fact that both entities were represented by the same attorney is insufficient alone to overcome a statute-of-limitations defense. *See Howell v. Coca-Cola Bottling Co. of Lubbock*, 595 S.W.2d 208, 212 (Tex. App.— Amarillo 1980, writ ref'd n.r.e.) ("Representation of successive defendants by the same law firm is insufficient, standing alone, to remove the limitations' bar."). Thus, Appellant has failed to create a fact issue regarding whether PNRC and PNRUSA are related entities.

Further, even if Appellant had established a relationship between PNRUSA and PNRC, Appellant provided no summary judgment evidence that PNRUSA had

notice of the suit prior to March 23, 2017, which is the two-year anniversary of the date of injury. The summary judgment evidence does not show when Appellant served PNRC with suit papers. PNRC did not file its answer until April 3, 2017. Thus, even if we assume that notice to PNRC was also notice to PNRUSA, there is no summary judgment evidence that PNRC received notice of the suit prior to March 23, 2017.

Appellant has provided no summary judgment evidence that PNRUSA became aware of the suit prior to the expiration of limitations. Therefore, Appellant has failed to raise a fact issue under the doctrine of misidentification. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

April 23, 2020

Panel consists of: Bailey, C.J.,
Wright, S.C.J.,[2] and Trotter, J.[3]

Willson, J., and Stretcher, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

[3]The Honorable W. Stacy Trotter, 358th District Court, Ector County, Texas, sitting by assignment.